■ BEATRICE BOWMAN, Respondent, v. HERMAN STICHMAN, as Trustee in Bankruptcy for Hudson & Manhattan Railroad Company, Appellant.— Order, entered on December 16, 1963, unanimously reversed and vacated, on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and motion of defendant to dismiss the action for lack of prosecution granted, with $10 costs. The accident, which is the basis of this action for personal injuries, occurred on January 14, 1959, and the action was commenced on May 29, 1961. Issue was joined on June 16, 1961, and a bill of particulars was then demanded of plaintiff. The bill was not served and there were no further proceedings taken in the action. Finally, in January, 1962, plaintiff's attorney of record was disbarred, and in September, 1962, new attorneys were substituted in his place. But they did nothing toward the processing of the action for trial until August, 1963, when they wrote defendant's attorneys requesting a copy of the demand for the bill of particulars, saying that they found none in the file. While we do not condone the failure of defendant's attorneys to respond to this letter and a followup letter, the plaintiff's affidavits contain no adequate factual explanation for the delay here and in particular for the failure of plaintiff to proceed with reasonable diligence following the retainer on or before September 5, 1962 of the attorneys presently representing her; and her affidavit makes no factual showing of merit. The motion to dismiss should have been granted. (See *Sortino* v. *Fisher*, 20 A D 2d 25.) Concur — Breitel, J. P., Valente, Eager, Steuer and Bastow, JJ.

■ NAOMI HABER, Respondent, v. FRED HABER, Appellant.— Order, entered on December 30, 1963, awarding temporary alimony unanimously affirmed, without costs. Some of the court believe that the alimony awarded appears to be in excess of what the affidavits would justify. This is confirmed by the fact that respondent has shown no disposition to proceed to trial. The entire court agrees, however, that, as a defendant paying temporary alimony is in a position to obtain an expeditious trial and, had the appellant directed his activity toward that end rather than appealing the award, the matter could have been entirely disposed of. We appreciate that in many instances lawyers believe that the trial court is to some degree influenced in fixing permanent alimony by a prior award of temporary alimony and that this may have prompted this appeal. There ought to be no basis for such belief. Concur — Breitel, J. P., Valente, Eager, Steuer and Bastow, JJ.